U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 2 2016

CLERK, U.S. DISTRICT COURT
by _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §    NO. 4:16-CR-132-A
                              §
CHARLES BEN BOUNDS, ET AL.    §

ORDER RE AGREED CHARGE AND VERDICT FORM

On August 11, 2016, the parties who are scheduled to go to trial in the above-captioned case on August 22, 2016, filed, through the attorney for the government, the agreed charge and agreed verdict form to be used in this case. The court has made modifications in those agreed items that the court believes appropriate and consistent with prevailing law. Attached to this order as Exhibit "A" is a copy of the court's revision of the agreed charge and as Exhibit "B" is the court's revision of the verdict of the jury. If any of the parties has a question about or concern related to any of the revisions the court has made in the proposed agreed charge and proposed verdict form, the court wishes to learn of those questions and concerns as soon as possible so they can be discussed at the hearing that is to be conducted in this case the afternoon of Wednesday, August 17, 2016. Therefore,

The court ORDERS that any party who has a question or concern about the court's revision of the agreed charge, a copy

of which is attached hereto as Exhibit "A," or the verdict form,

a copy of which is attached hereto as Exhibit "B," file a

document by 2:00 p.m. on August 16, 2016, in this case informing

the court of each such question or concern, referring in such

document to the specific language of the court's revisions about

which such party has a question or concern, the exact nature of

the question or concern in each instance, and whatever legal

authority bears on the position the party takes on the subject of

such question or concern.

The court has not intended to make any change in either

document of a substantive nature.

By way of explanation for the deletion of language from the

agreed verdict form, (1) the language pertaining to quantity of

methamphetamine set forth in the Fourth and Fifth elements on

page 13 of the attached Exhibit "A" appears adequately to deal

with that subject; and, (2) the language in the agreed verdict

form concerning firearms or other dangerous weapons is not

relevant to any decision the jury will be required to make.

Therefore, all of the language on the subjects of quantity of

methamphetamine and firearms or other dangerous weapons is being

deleted from the agreed verdict form.

The reason for most, if not all, the court's changes in the agreed charge are self-evident.  However, the court is providing the following additional explanations:

1.   The court does not consider necessary or appropriate to set forth in detail the proposed opinions of the various experts, with the consequence that the court has, on page 10 of the attached Exhibit "A," generalized the language of the paragraph pertaining to expert testimony.

2.   The court has deleted from the agreed charge the language in the First element saying "beginning in or before January 2014, and continuing until in or around April 2016."  The reworded First element appears on page 13 on the attached Exhibit "A."  The time element (before January 2014, and continuing until in or around April 2016) appears to be adequately dealt with on page 16 of the attached Exhibit "A."

3.   The "50 grams or more" wording in the Fifth element has been changed to "at least 50 grams," as shown on page 13 of the attached Exhibit "A."

4.   The "on or about a specified date" language in the proposed agreed charge has been changed on page 16 of the attached Exhibit "A" to make that language

3

consistent with the wording of the indictment in this case.

The court does not recall that it has ever included in a charge language comparable to the language found at pages 12 and 13 of the agreed charge filed August 11, 2016, pertaining to the flight of Michael Clay Heaslet and Nicole Cynthia Herrera from law enforcement.  The court is inclined to remove that language from the charge, but, at least temporarily, has left it in at pages 11-12 of the attached Exhibit "A."  The court intends to discuss the appropriateness of that language in the charge at the hearing to be conducted this coming Wednesday afternoon.

SIGNED August 12, 2016.

JOHN McBRYDE
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:16-CR-132-A |
| | § | |
| CHARLES BEN BOUNDS, ET AL. | § | |

### CHARGE OF THE COURT

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 1 of 21

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.

It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence received during the trial and the law as given and explained to you by the court, without prejudice or sympathy for or against a defendant.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and the court and the parties have the right to expect nothing less.

The indictment or formal charge against the defendants is not evidence of guilt.  Indeed, the defendants are presumed by the law to be innocent.  The defendants begin with a clean slate. The law does not require any of the defendants to prove their innocence or produce any evidence at all, and no inference whatever may be drawn from the election of any of the defendants not to testify.

The government has the burden of proving each of the defendants' guilt beyond a reasonable doubt, and you must acquit any defendant as to whom the government fails to do so.  While the government's burden of proof is a strict or heavy burden, it

2

is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

3

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 3 of 21

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 4 of 21

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a defendant beyond a reasonable doubt before you can find that defendant guilty.

I remind you that it is your job to decide whether or not the government has proved the guilt of each or any of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including

5

any of the defendants][1] who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of any defendant who testified should be weighed and their credibility evaluated in the same way as that of any other witness.][2]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a

---

[1] The language in brackets should be used only if any of the defendants testified.

[2] Delete if no defendant testified.

6

verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

[You have been told that certain defendants have prior felony convictions.  A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy that witness's credibility.[3]  These convictions have been brought to your attention only because you may wish to consider them when you decide, as with any witness, how much of that particular defendant's testimony you will believe in this trial.  The fact that a defendant was previously found guilty of a crime or crimes does not mean that such defendant committed the crime for which he or she is on trial, and you must not use a prior conviction as proof of the crime charged in this case.][4]

[The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did

---

3 This sentence is not in 5th Circuit Pattern Instruction 1.11, but it is in Pattern Instruction 1.12.  Certain of the lead attorneys requested this sentence.  The government does not oppose.

4 Use for those defendants who testify.

7

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 7 of 21

something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.][5]

[You have been told that certain witnesses have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy that witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe that witness's testimony. It is not evidence of anything else. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.][6]

---

5 Delete bracketed language if not applicable.

6 Delete bracketed language if not applicable.

8

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 8 of 21

[You have heard that certain witnesses have used addictive drugs.  The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.  You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.][7]

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant for personal advantage, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.  You, the jury, must decide whether the witness's testimony has been affected by this circumstance, by prejudice against the defendant, or by the benefits the witness has received or hopes to receive.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.[8]

---

7 Delete bracketed language is not applicable.

8 This language is substantially from Pattern Instruction 1.14 with certain modifications to fit the particularities of this case.  The lead attorneys present at the conference did not object.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 9 of 21

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.  The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

[During the trial you heard the testimony from certain persons who expressed expert opinions on certain subjects.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.][9]

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves,

_____

9 Delete bracketed language if inapplicable.

10

considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

[Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.][10]

You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

You have heard testimony that defendants Michael Clay Heaslet and Nicole Cynthia Herrera fled from law enforcement. Intentional flight immediately after a crime has been committed, and/or while a crime is ongoing, is not, of course, sufficient in itself to establish their guilt. But it is a fact that, if proved, may be considered by you, in light of all the evidence in this case, in determining guilt or innocence. Whether the

---

10 Delete bracketed language if not applicable.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 11 of 21

11

defendants' conduct in this case constituted flight is exclusively for you to determine.  But even if you do determine that the defendants' conduct in this case constituted flight, whether or not their flight showed a consciousness of guilt on their part and the significance to be attached to that evidence are also matters exclusively within your province.

In your consideration of any evidence of flight, if you should find that there was any, you should also consider that there may be reasons for this that are fully consistent with innocence.  There may be many reasons for a person to be reluctant to be interviewed by law enforcement that are perfectly innocent reasons and that in no way show consciousness of guilt on the part of defendants Michael Clay Heaslet and Nicole Cynthia Herrera.  Also, a feeling of guilt does not necessarily reflect actual guilt of the alleged crimes under your consideration.  And in considering any evidence of flight and the significance to be attached to it, you should always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[11]

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled-substances laws of the United States.  In this

---

[11] This language is from *United States v. Carrillo*, 660 F.3d 914, 926 (5th Cir. 2011); and *United States v. Williams*, 775 F.2d 1295, 1299 (5th Cir. 1985).

12

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 12 of 21

case, the defendants are charged with conspiring to possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine. Methamphetamine is a controlled substance within the meaning of this law.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*:    That two or more persons, directly or indirectly, reached an agreement to possess methamphetamine with the intent to distribute it;

*Second*:    That the defendant under consideration knew of the unlawful purpose of the agreement;

*Third*:    That the defendant under consideration joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

*Fourth*:    That the overall scope of the conspiracy involved at least 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine; and

*Fifth*:    That the defendant under consideration knew or reasonably should have known that the scope of the conspiracy involved at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 13 of 21

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to

14

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 14 of 21

act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

[In any criminal case, the government must prove not only the essential elements of the offense charged, as (previously) defined, but must also prove, beyond a reasonable doubt, the identity of the defendant under consideration as a perpetrator of the alleged offense.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 15 of 21

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant under consideration as a perpetrator of the offense charged, you must find that defendant not guilty.][12]

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "distribute" means to deliver a controlled substance. And to "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

You will note that the indictment alleges that the conspiracy charged began *in or before January 2014, and continued until in or around April 2016.* The government does not have to prove that the conspiracy began and ended between those exact dates, so long as the government proves beyond a reasonable doubt that it began and ended between dates reasonably near *the dates alleged in the indictment."*

---

12 Delete bracketed language if not applicable. The government struck through "offenses" because only one offense is charged here, and it struck through "hereafter" and inserted "previously" because this instruction is placed after the Court has defined the offense to the jury.

16

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged.  The defendants are not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care.  You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, the defendant's treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.  And any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

If any defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

17

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 17 of 21

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant-messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot communicate in any way to anyone by any means about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 18 of 21

Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on the one count in the indictment. Other than the possibility that the court could make an inquiry into whether deliberations were conducted properly, your deliberations will be secret, and you will never have to explain your verdict to anyone.

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 19 of 21

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved each of the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each defendant on the count in the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise,

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 20 of 21

on the count of the indictment or on any particular defendant,

until after you have reached a unanimous verdict.

    SIGNED August _____, 2016.


_____

JOHN McBRYDE
United States District Judge

Exhibit "A" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 21 of 21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §   NO. 4:16-CR-132-A
                              §
CHARLES BEN BOUNDS, ET AL.    §

<u>VERDICT OF THE JURY</u>

1.

We, the jury, find the defendant, **CHARLES BEN BOUNDS**,

_____ as to Count One of the Third Superseding

Indictment.

2.

We, the jury, find the defendant, **BILLY FRED GENTRY, JR.**,

_____ as to Count One of the Third Superseding

Indictment.

3.

We, the jury, find the defendant, **KEVIN KYLE KILLOUGH**,

_____ as to Count One of the Third Superseding

Indictment.

4.

We, the jury, find the defendant, **JAMES LAXSON**,

_____ as to Count One of the Third Superseding

Indictment.

Exhibit "B" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 1 of 4

5.

We, the jury, find the defendant, BILLY RAY SKAGGS,

_____ as to Count One of the Third Superseding

Indictment.

6.

We, the jury, find the defendant, DREW JUSTICE WINDSOR,

_____ as to Count One of the Third Superseding

Indictment.

7.

We, the jury, find the defendant, MICHAEL CLAY HEASLET,

_____ as to Count One of the Third Superseding

Indictment.

8.

We, the jury, find the defendant, NICOLE CYNTHIA HERRERA,

_____ as to Count One of the Third Superseding

Indictment.

9.

We, the jury, find the defendant, TRAE SHORT,

_____ as to Count One of the Third Superseding

Indictment.

2

Exhibit "B" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 2 of 4

10.

We, the jury, find the defendant, ADRIAN BLAIR WALLACE,

_____ as to Count One of the Third Superseding

Indictment.


        August _____, 2016           _____
                                      Foreperson

ACCEPTED:

        August _____, 2016           _____
                                      JOHN McBRYDE
                                      United States District Judge

Exhibit "B" to Order
dated August 12, 2016, in
Case No. 4:16-CR-132-A
Page 3 of 4

For the information of the jury, Count One of the Third Superseding Indictment reads as follows:

<u>Count One</u>

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning in or before January 2014, and continuing until in or around April 2016, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Charles Ben Bounds**, also known as Pretty Boy, **Billy Fred Gentry,** also known as Fred Gentry, **Kevin Kyle Killough,** also known as Kilo, **Roger Wayne Langston**, also known as Big Country, **James Laxson**, also known as Monster, **Billy Ray Skaggs**, **Drew Justice Windsor**, also known as Justice Windsor, **Michael Clay Heaslet**, also known as Whisper, **Nicole Cynthia Herrera**, also known as Nikki Single, **Trae Short**, also known as Twig, and **Adrian Blair Wallace**, also known as Wallace, along with Alisha Feeney, Matthew Rutledge, also known as Country, Gavin Seguin, also known as Wood, Shanda Hawkins, Shawn Douglas Cropp, also known as Buck, Audra Bowden, Sarah Kirkpatrick, Tonya Blackwood, and Royce Newton, also known as Dirty,  not named as defendants herein, and others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).