

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 4:16-CR-132-A |
| | § | |
| MELISSA VEATCH (17) | § | |

DEFENDANT'S SECOND UNOPPOSED MOTION FOR CONTINUANCE OF SENTENCING

COMES NOW, Defendant, Melissa Veatch, by her counsel, Taly Haffar, and hereby moves this Court for an order continuing the sentencing date set in this case.

Sentencing is currently scheduled for November 23, 2016. Counsel's initial request that the sentencing date be continued for 60 days was denied by the Court on November 16, 2016, in part due to "Because of the vague reasons given by Veatch in her motion for seeking the continuance, the court has difficulty evaluating whether Veatch truly needs a continuance."

Counsel for Veatch is re-urging a continuance of the sentencing date and would offer these specific facts as reasoning: Veatch's guideline sentencing range is based entirely on the memories and statements of cooperating defendants involved in this case. Veatch has objected to the guideline range arguing the amounts attributed to her by the cooperators and agents has been exaggerated/miscalculated. The Government responded to Veatch's objections by stating that she had not offered any form of evidence to refute the amounts of drugs in question. However, Counsel for Veatch recently received a hand-written affidavit from Leslie Payne

1

(Payne is a cooperating co-defendant in this same matter). Payne indicated in her letter that the drug amounts attributed to Veatch in her Presentence Report (by Payne) are incorrect. Not only are they incorrect, but are grossly incorrect – Payne's affidavit states that the true number of ounces that she attributes to Veatch is 71 ounces (not the 1,218 ounces the Government agents have indicated Payne said was attributable to Veatch). Counsel managed to speak to Payne briefly and she stated she would testify as to the discrepancy. However, stated to Payne that her attorney needed to be contacted and she needed to be interviewed before Counsel would sponsor her testimony. Due to Counsel's work schedule, travel and Payne's being moved from Parker County Jail, Counsel has not and will not have time to discuss this issue with her and her attorney before the current sentencing date.

Due to the significant amount of prison time Veatch is facing and the fact that her guideline sentence is based solely on the words of cooperating defendants, Veatch believes every opportunity to verify the statements by the cooperators should be given.

Counsel has not consulted with Assistant United States Attorney Shawn Smith since this Court's denial of the initial request for a continuance, but Counsel believes Mr. Smith maintains his lack of opposition to this continuance.

WHEREFORE, Counsel for Ms. Veatch respectfully requests that this Court continue the sentencing date 60 days from the current date of sentencing.

Respectfully submitted,

s/ Taly Haffar

Taly Haffar, Attorney at Law

Texas Bar No. 24038935
8150 North Central Expressway, Suite 601
Dallas, Texas 75206
214.380.4566
taly@haffarlaw.com

## CERTIFICATE OF CONFERENCE

I certify that I spoke with Assistant United States Attorney Shawn Smith on November 9, 2016, regarding the original request and believes Mr. Smith does not oppose this motion for continuance.

s/ Taly Haffar

Taly Haffar, Attorney at Law

## CERTIFICATE OF SERVICE

I certify that on November 18, 2016, I caused a copy of Defendant's Unopposed Motion for Continuance of Sentencing to be delivered to the Honorable Judge John McBryde, United States District Judge and Mr. Smith, Assistant United States Attorney, by mail and by electronically filing the foregoing Motion with the Clerk of the Court using the CM/ECF system.

s/ Taly Haffar

Taly Haffar, Attorney at Law