# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11730
Summary Calendar

**FILED**
December 11, 2017

United States Court of Appeals
Fifth Circuit

**FILED**
JAN - 2 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT
By _____

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                Plaintiff - Appellee

v.

MELISSA VEATCH, also known as Missy,

                Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-17

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Melissa Veatch appeals the 400-month sentence imposed following her guilty-plea conviction for one count of conspiracy to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). She contends the court: plainly erred in applying the importation enhancement to her sentence; and abused its discretion by denying her motions to continue her sentencing hearing.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11730

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Nonetheless, as she acknowledges, Veatch withdrew her written objection to the enhancement at sentencing. Accordingly, the plain-error review she relies upon is not applicable. Instead, she waived any challenge to the court's application of the enhancement to her sentence. *E.g.*, *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

In addition, Veatch fails to show the court abused its discretion in denying her two motions to continue her sentencing hearing. *E.g.*, *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007); *United States v. Pede*, 891 F.2d 514, 520 (5th Cir. 1989).

AFFIRMED.